## (November 21, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD A. PORTER, JR., Appellant.— Judgment affirmed. Defendant who proceeded to trial with counsel and was found guilty was not prejudiced by a failure of the court on arraignment to advise him of the provisions of section 335-b of the Code of Criminal Procedure as it formerly read (*People ex rel. Schlesinger* v. *Fay*, 19 A D 2d 632). Bergan, P. J., Reynolds and Taylor, JJ., concur; Herlihy, J., dissents, in a memorandum: This is an appeal from a judgment of conviction, defendant asserting as a jurisdictional defect the fact that at the time of his arraignment he was not advised of his rights pursuant to section 335-b of the Code of Criminal Procedure as to the effect that prior convictions could have on his sentence if he pleaded guilty or was convicted after trial. (See *Matter of Astman* v. *Kelly*, 2 N Y 2d 567; *People ex rel. MacIntosh* v. *Fay*, 18 A D 2d 175; *People* v. *Schulman*, 13 A D 2d 441; *People ex rel. Colan* v. *La Vallee*, 19 A D 2d 439.) The majority vote to affirm stating that the defendant was not prejudiced by failure to so advise him and cite *People ex rel. Schlesinger* v. *Fay* (19 A D 2d 632) but that case is not in point as it involved a writ of habeas corpus; section 335-b, as applicable to this defendant, was not then in effect and the sentence imposed was the minimum. In that case, after acknowledging that the statute requires the warning to be given whether or not the defendant is represented by counsel and regardless of his plea, the court added: "But, in our opinion, if a defendant: (1) pleads not guilty; (2) is represented by counsel at the time of the entry of the plea; (3) is represented

by counsel during the trial; and (4) fails to show that he was prejudiced by the court's failure to give the warning prescribed by the statute, the judgment of conviction may not be set aside because the court failed to give the statutory warning (cf. *Matter of Astman* v. *Kelly*, 2 N Y 2d 567)." In my opinion, a defendant is not required to prove that he was prejudiced because of the failure of the court to advise him in accordance with section 335-b. In any event, the present record demonstrates that this defendant was prejudiced by noncompliance because he had options which he might have exercised: (1) by entering a plea of guilty to the indictment and receiving the minimum maximum sentence which he did not receive after being convicted by a jury; (2) counsel acting in his behalf, with the consent of the court and the District Attorney, might have arranged for a plea to a lesser crime than manslaughter, first degree and (3) the defendant ascertained at the commencement of the trial that witnesses he had been seeking to testify on his behalf were not available and with knowledge of the section in question, he might have elected some alternative. But assuming *arguendo* that prejudice is not an issue, the case is distinguishable from that relied upon by the majority because this record clearly demonstrates that at the time of defendant's arraignment, he was not represented by counsel. There are other points set forth in the brief of the appellant which work in his favor but I limit my dissent solely to the failure to advise him in accordance with section 335-b as it was in effect at the time of his arraignment. I vote to reverse the judgment of conviction and remand the defendant to the County Court for the purpose of repleading to the indictment.